IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
THOSE CERTAIN UNDERWRITERS    )
AT LLOYD'S, LONDON,           )
SUBSCRIBING TO POLICY         )
PGIARK02190-02,               )
                              )
        Plaintiff,            )
                              )      CIVIL ACTION NO.
        v.                    )       1:15cv481-MHT
                              )          (WO)
SCOTT MILLER CONSULTING       )
ENGINEER, INC., et al.,       )
                              )
        Defendants.           )
```

ORDER

The allegations of the amended complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is

different from that of each defendant.  See 28 U.S.C. §
1332; see also 2 James Wm. Moore, et al., Moore's
Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The complaint is insufficient because it does not
indicate the citizenship of the plaintiff, Those
Certain Underwriters At Lloyd's, London, Subscribing To
Policy PGIARK02190-02.  The complaint states that
plaintiff is an unincorporated association composed of
two entities.  To establish diversity jurisdiction, the
complaint must indicate the citizenship of each and
every one of an unincorporated association's members.
Xaros v. U.S. Fidelity and Guar. Co., 820 F.2d 1176,
1181 (11th Cir. 1987).  If the member entity is a
corporation, then the complaint must allege the
citizenship of both the State of incorporation and
where the corporation has its principal place of
business.  28 U.S.C. § 1332(c)(2); American Motorist
Insur. Co. v. American Employers' Insur. Co., 600 F.2d
15, 16 & n. 1 (5th Cir. 1979) (per curiam).  If the

2

entity is a partnership, the complaint must indicate the citizenship of the individual partners, both general and limited. Carden v. Arkoma Associates, 494 U.S. 185 (1990). If the entity is a limited liability company, the complaint must allege "[t]he citizenships of all members of the limited liability company." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

The plaintiff's complaint also fails to allege sufficiently the citizenship of corporate defendants Scott Miller Consulting Engineer, Inc. and Palm Beach Grading, Inc.. 28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in

3

a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated and the State in which the corporation has its principal place of business.  American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).

The complaint is also insufficient because it does not indicate the citizenship of the parties that are 'limited liability companies': Dannelly Enterprises, LLC, Corvias Military Living, LLC, Picerne Construction/FRK, LLC, Rucker-Picerne Partners, LLC, and Rucker Communities, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore allege "the citizenships of all the members of the limited liability company."

4

<u>Id</u>.  (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

The complaint does not allege the citizenship of defendant Dannelly Enterprises, LLC because it does not establish the citizenship of its members.  The complaint does not allege the citizenship of defendant Corvias Military Living, LLC because it does not state the citizenship of the John G. Picerne Business Trust-2012, the sole member of Corvias Group, LLC, which is the sole member of defendant Corvias Military Living, LLC.  As defendant Corvias Military Living, LLC is the sole member of defendants Picerne Construction/FRK, LLC and Rucker-Picerne Partners, LLC, and a member of defendant Rucker Communities, LLC, the complaint does not allege the citizenship of those defendant entities either.  Further, the complaint does not allege the membership of defendant Rucker Communities, LLC's other

members.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until January 29, 2016, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 15th day of January, 2016.

    /s/ Myron H. Thompson____
UNITED STATES DISTRICT JUDGE